UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ENIO R. RIVERA,
MICHAEL TALTON,

                              Plaintiffs,

                                                          <u>DECISION AND ORDER</u>

                                                          07-CV-6483L

                              v.

ROCHESTER GENESEE REGIONAL
TRANSPORTATION AUTHORITY,
DOMINIC FELINO, Individually,
JOHN TIBERIO, Individually,

                              Defendants.
_____

      Plaintiffs Enio R. Rivera and Michael Talton (collectively "plaintiffs") commenced this action against their employer, defendant Rochester Genesee Regional Transportation Authority ("RGRTA") and several of its employees under 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the New York Human Rights Law, N.Y. Exec. Law §§290 et seq., and the Family Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA").

      Plaintiffs assert claims of discrimination, harassment, and retaliation based on race and national origin.  Talton also alleges causes of action for violations of, and retaliation under, the FMLA.

      On November 16, 2007, RGRTA moved to dismiss plaintiffs' complaint in its entirety pursuant to Fed. R. Civ. Proc. 12(b)(6). (Dkt. #3).  Plaintiffs cross-moved for leave to amend the complaint pursuant to Fed. R. Civ. Proc. 15(a) (Dkt. #10), in order to correct the substantial deficiencies identified in RGRTA's motion.

RGRTA does not oppose the majority of plaintiffs' cross-motion to amend, but requests that the cross-motion be denied insofar as it seeks to amend plaintiffs' claims for discriminatory retaliation and hostile work environment against individual defendant Dominic Folino ("Folino"), because amendment of those claims would be futile.[1]

While "[l]eave to amend a complaint shall be freely given when justice so requires," leave to amend a pleading is appropriately denied under Fed. R. Civ. Proc. 15(a) where the amendment would be futile. *See Joblove v. Barr Labs. Inc.*, 466 F.3d 187, 220 (2d Cir. 2006); *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty*, 282 F.3d 83 at 88.

It is well settled in this Circuit that "individuals should be held liable under §1981 only when they are essentially one and the same with the employer; that is when they have the capacity to make and enforce the contract between the employer and the employee." *Hicks v. IBM*, 44 F. Supp. 2d 593, 597 (S.D.N.Y. 1999). *See also Vazquez v. Salomon Smith Barney Inc*., 2002 U.S. Dist. LEXIS 46 (S.D.N.Y. 2002). Indeed, in "each of the cases that have allowed individual liability [under § 1981], the individuals have been supervisors who were personally involved in the discriminatory activity." *Hicks*, 44 F. Supp. 2d 593 at 596.

---

[1] RGRTA characterizes the complaint's shortcomings in mild terms – referring, for example, to plaintiffs' allegations of discriminatory termination as "typographical errors," given the fact that the plaintiffs were never terminated and remained RGRTA employees as of the filing of the motion to dismiss. The problems with the complaint are much more than typographical. The original complaint is 45 pages long and includes 223 numbered paragraphs, many of which are factually inconsistent, facially inaccurate, or at the least, unnecessarily vague and confusing. A number of the problems remain uncorrected in the amended complaint. The numerous deficiencies in the complaint have given rise to needless motion practice, expense and delay. The Court reminds counsel of the obligations imposed by Fed. R. Civ. Proc. 8 and 11(b)(3) to ensure that pleadings are clear and reasonably susceptible of evidentiary support.

Plaintiffs' proposed amended complaint does not allege that Folino is a supervisory employee, that he exercised any control over the terms and conditions of the plaintiffs' employment, was an active partner with RGRTA with respect to the enforcement of its anti-harassment policies, or that he is otherwise "one and the same with" RGRTA. As such, plaintiffs' individual claims against Folino pursuant to 42 U.S.C. §1981 must be dismissed under Fed. R. Civ. Proc. 12(b)(6), and leave to amend them would be futile.

## CONCLUSION

For the foregoing reasons, RGRTA's motion to dismiss (Dkt. #3) is granted in part. Each of plaintiff's claims of discrimination and retaliation pursuant to 42 U.S.C. §1981 against individual defendant Dominic Folino (erroneously identified in the caption as Dominic "Felino") are dismissed, with prejudice. Plaintiffs' motion to amend their complaint (Dkt. #10) is also granted in part, insofar as plaintiffs seek to amend the remainder of their claims. Plaintiffs are directed to present, and the Clerk is directed to file, an amended complaint which omits the dismissed claims.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 21, 2008.