```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ENIO R. RIVERA,
MICHAEL TALTON,


                        Plaintiffs,
                                                    DECISION AND ORDER

                                                    07-CV-6483L

              v.

ROCHESTER GENESEE REGIONAL
TRANSPORTATION AUTHORITY,


                        Defendant.
_____
```

PROCEDURAL BACKGROUND

Plaintiffs Enio R. Rivera ("Rivera") and Michael Talton ("Talton") commenced this action against their employer, defendant Rochester Genesee Regional Transportation Authority ("RGRTA") and several of its employees, including John Tiberio ("Tiberio"), alleging claims of workplace discrimination, harassment, and retaliation based on race and national origin. Talton also alleged causes of action for violations of, and retaliation under, the Family Medical Leave Act. Plaintiffs were at all times represented by attorney Christina Agola ("Agola").

On January 26, 2011, this Court granted a joint motion for summary judgment filed by the defendants, and dismissed the amended complaint. (Dkt. #59). The plaintiffs appealed that judgment, and on December 21, 2012, the Second Circuit reversed this Court's decision in part and remanded the matter, finding that there were material questions of fact relating to Talton's claims against RGRTA, and Rivera's hostile work environment claim against RGRTA. (Dkt. #66).

A dispute among counsel then arose as to whether plaintiff had appealed the summary judgment decision only as to RGRTA, and not as to defendant Tiberio. This Court sought clarification from the Second Circuit panel on that issue and Agola and counsel for RGRTA (Harris

Beach), and Tiberio (Paul Keneally, Esq. of Underberg & Kessler), provided correspondence to the Second Circuit outlining their respective positions.

Eventually, counsel for Tiberio (Underberg & Kessler) moved to recall the Circuit's Mandate and by decision entered June 13, 2013, the Second Circuit issued an order recalling the Mandate and directing this Court, on remand, to determine facts relative to the filing of the appeal and as to who did represent Tiberio.

Specifically, the Second Circuit requested a determination of the following questions:

1. In connection with attorney Keneally's November 2008 appearance as counsel for Tiberio:

   (a) Was Keneally (or another Underberg attorney or attorneys) substituted for Harris Beach attorneys as Tiberio's counsel?

   (b) Was Tiberio instead represented thereafter by both attorneys from Underberg and attorneys from Harris Beach?

2. If the District Court finds that the Underberg attorneys were substituted for the Harris Beach attorneys, did the Clerk of the District Court serve a copy of the appellants' notice of appeal on the Underberg attorneys?

Subsequent to the remand decision of June 13, 2013, this Court met with attorney Agola,[1] attorney Paul Keneally of Underberg & Kessler and counsel from the Harris Beach law firm. At that

---

[1] Attorney Agola was suspended from practice by the Appellate Division, Fourth Department on September 10, 2013. She has also been suspended from practice in the Western District of New York by Order entered September 13, 2013, and she has similarly been suspended, in part, before the Second Circuit by Order entered October 18, 2013. (Order of Grievance Panel, 10-90061-am). That order from the Second Circuit, by its terms, gave Agola a small window within which to conclude some matters pending on appeal. Whether Agola may continue to represent appellants before the Second Circuit should there be objections or an appeal from the instant order by this Court, is a matter for the Circuit to determine.

All proceedings relative to the recall of the Mandate and remand occurred well before Ms. Agola's suspensions. After the submissions by counsel were made, neither Ms. Agola nor any other attorney requested leave to file additional materials or for the Court to conduct a hearing. Under these circumstances, there is no reason for this Court not to rule on the matters raised in the Second Circuit's remand decision. Of course, if there are further proceedings before the Second Circuit, Agola must abide by the terms of the suspension order issued in that court.

conference, which occurred July 17, 2013, the attorneys stipulated that a factual hearing may not be necessary and the parties agreed to submit affidavits and other material pertaining to the issues raised by the Second Circuit. All counsel submitted material by August 1, 2013.

After reviewing all the pertinent documents and affirmations, I make the following factual findings:

1. The Harris Beach law firm represented both RGRTA and defendant Tiberio (and some other defendants) soon after the lawsuit was commenced.

2. Defendant Tiberio requested separate counsel from his employer RGRTA, and thereafter Harris Beach ceased to represent him.

3. As of November 7, 2008, Underberg & Kessler, by attorney Paul Keneally, has represented defendant Tiberio. That representation was reflected in the notice of appearance filed by Keneally on that day, November 7, 2008. In fact, Underberg & Kessler was substituted as counsel for Tiberio.

4. Underberg & Kessler was sole counsel to defendant Tiberio from November 7, 2008 and Harris Beach ceased to represent him.

5. It was clear that attorney Agola was fully aware from that point that Harris Beach only represented RGRTA, and that Underberg & Kessler exclusively represented Tiberio. That knowledge is underscored by several writings from Agola herself to both counsel and by several items of correspondence and emails sent to her by both counsel.

6. It is clear from documents filed in both the District Court and the Second Circuit that Agola chose to appeal the adverse summary judgment decision only against RGRTA. The caption on the notice of appeal reflects that as does the brief and other papers filed in the Second Circuit.

7. Relative the question from the Circuit as to whether the District Court Clerk sent a copy of Agola's notice of appeal on the Underberg attorneys, according to the Affidavit of Michael J. Roemer (Dkt. #74), Clerk of the Western District of New York, because of the electronic filing system (CM/ECF) all documents filed are automatically copied to all other attorneys listed on the

docket sheet. Therefore, the Underberg & Kessler attorneys would have received a copy of whatever Agola filed in the District Court relative to the appeal.

**DISCUSSION**

On remand, this Court did not conduct a hearing with testimony. It was unnecessary to do so because the documentary evidence submitted as exhibits to the Affirmation of attorney David H. Fitch of the Underberg & Kessler firm (Dkt. #71) and the Affirmation of Scott D. Piper of the Harris Beach law firm (Dkt. #73) demonstrates clearly and unequivocally that Underberg & Kessler represented defendant John Tiberio at all times subsequent to November 7, 2008, when attorney Keneally of the Underberg firm filed the notice of appearance. It is also clear that attorney Agola knew that defendants were represented by separate counsel and, based on the documentation submitted, it is inconceivable to the Court that she could now claim otherwise.

It is true that Keneally's notice of appearance was not a formal "substitution" of counsel. Better practice would have been to file a notice of substitution of counsel in lieu of, or in addition to, the notice of appearance that was filed. Nevertheless, even a cursory review of the record compels the conclusion that at all times after the notice of appearance was filed, RGRTA was represented by one firm (Harris Beach) and Tiberio was represented by another firm (Underberg & Kessler), and that counsel for all parties understood that a substitution had been effected.

The separate representation was initiated by Tiberio himself, who requested separate counsel from the firm representing Tiberio's employer, RGRTA. According to his affidavit, Tiberio understood that he was thereafter represented solely by Underberg & Kessler. (Dkt. #71-1, Exh. M). That fact is confirmed by correspondence from Harris Beach to Tiberio dated November 7, 2008, informing him that the Underberg & Kessler firm would represent him in all further proceedings (Dkt. #73-2, Exh. G; Dkt. #71-1, Exh. M).

The change in Tiberio's representation was readily apparent thereafter. When the defendants filed a joint motion for summary judgment in January 2010, the papers contained two signature lines:

one for Harris Beach, as attorney for defendant RGRTA, and one for Underberg & Kessler, as attorney for defendant Tiberio. (Dkt. #71-1, Exh. D).

There were also numerous depositions taken during discovery. In at least nine (9) separate depositions, the transcripts of the proceedings reflect that Agola or another attorney from her office appeared on behalf of plaintiffs, while attorneys from Harris Beach appeared on behalf of RGRTA and counsel from Underberg & Kessler appeared on behalf of defendant Tiberio. (Dkt. #71-1, Exh. C).

All of this evidence should be sufficient to resolve the matter now before this Court, but there is more. The record also contains copies of several items of correspondence from Agola addressed to the Court and to the law firms representing the defendants, each of which reflects her understanding that there were separate counsel for RGRTA and Tiberio. For example, in a letter to this Court dated March 15, 2010 (Dkt. #71-1, Exh. E), Agola requests an extension to respond to the joint motion for summary judgment. In that request, she notes that she has obtained consent from a Harris Beach attorney representing RGRTA, and David H. Fitch of the Underberg & Kessler law firm, on behalf of Tiberio. Later, when Agola requests an extension of the page limitation, by letter dated April 6, 2010, she once again notes that she has obtained consent from attorneys for RGRTA and separate counsel for John Tiberio. (Dkt. #71-1, Exh. E). Other correspondence reflects that Agola consistently mailed copies of documentation and affidavits not to one attorney, but to attorneys at both Harris Beach and Underberg & Kessler. *Id.*

After this Court granted summary judgment in favor of both defendants, Agola filed a notice of appeal on February 25, 2011, which listed RGRTA as the sole defendant. (Dkt. #71-1, Exh. F). The certificate of service filed by Agola reflects that service of the notice of appeal was directed only to attorneys at Harris Beach, as "Attorneys for Defendant." (Dkt. #62). There is no reference in the certificate of service to Tiberio or to any Underberg & Kessler attorney.

The appellate brief filed by Agola with the Second Circuit identifies only RGRTA as the appellee, while listing several other individuals, including Tiberio, simply as "defendants." (Dkt.

#71-1, Exh. G). Moreover, the preliminary statement to plaintiffs' appellate brief specifies that the appeal is taken from an order granting summary judgment "in favor of the defendant appellee Rochester Genesee Regional Transportation Authority (RGRTA)," and makes no reference whatsoever to defendant Tiberio. (Dkt. #73 at ¶32).

Nor can Agola claim to have been unaware of the fact that Tiberio had been omitted from the appeal. Approximately two weeks after the notice of appeal was filed, Scott Piper, a Harris Beach attorney representing RGRTA, sent Agola an email observing that "Tiberio's attorney, David Fitch, has not been copied on your correspondence . . . and that the appeal only listed RGRTA – and not Tiberio – in the Notice of Appeal. Just so I am clear, are you only appealing [the] decision with respect to RGRTA . . .?". (Dkt. #73-2, Exh. T). According to Piper, Agola never responded to that query. (Dkt. #73 at ¶31).

Furthermore, at the pre-argument status conference before the Second Circuit, only Agola and a Harris Beach attorney appeared. No Underberg & Kessler attorneys appeared, and Agola never raised any issue or expressed any concern that there was a party missing from that proceeding.

The matters referenced here are perhaps the most salient, but the records provided by attorneys Piper and Fitch, as well as their affirmations, make it clear beyond peradventure that after November 2008, Underberg & Kessler acted as sole counsel for Tiberio, while Harris Beach represented only RGRTA. There is nothing in the record to indicate otherwise, in spite of the fact that a substitution of attorney was not filed. It is clear that the notice of appearance was intended to act as a substitution of counsel, and that all parties treated it as such in all subsequent filings and correspondence. It is inconceivable how Agola can now claim to have believed otherwise, in light of the numerous letters she sent and received reflecting the separate representation.

**CONCLUSION**

For the foregoing reasons, I answer the questions posed by the Second Circuit as follows:

***(1)   Was Keneally (or another Underberg attorney or attorneys) substituted for Harris Beach attorneys as Tiberio's counsel?***

Yes. On or about November 7, 2008, Paul Keneally of Underberg & Kessler was substituted for Harris Beach as counsel for John Tiberio.

***(2)   Was Tiberio instead represented thereafter by both attorneys from Underberg and attorneys from Harris Beach?***

No. At all times after November 7, 2008, Tiberio was represented solely by attorneys from Underberg & Kessler, and not by any attorney from Harris Beach.

***(3)   Did the Clerk of the District Court serve a copy of appellant's notice of appeal on the Underberg attorneys?***

By virtue of the electronic filing system, all attorneys who had appeared would have received an electronic notification of Agola's notice of appeal.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 8, 2013.