UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ENIO R. RIVERA,
MICHAEL TALTON,

                                        Plaintiffs,

                                                                DECISION AND ORDER

                                                                07-CV-6483L

                        v.

ROCHESTER GENESEE REGIONAL
TRANSPORTATION AUTHORITY,
JOHN TIBERIO, Individually


                                        Defendants.
_____


## PROCEDURAL BACKGROUND


Plaintiff Enio R. Rivera commenced this action against his employer, Rochester Genesee

Regional Transportation Authority ("RGRTA") and two of its employees, asserting claims of

workplace discrimination, harassment, and retaliation based on race and national origin, under Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, and

the New York State Human Rights Law ("HRL").

On April 21, 2008, the Court granted a motion to dismiss plaintiff's claims against defendant

Dominic Folino, who was a co-worker of Rivera.  2008 WL 1809323.  On January 26, 2011, the

Court granted a motion for summary judgment by the remaining defendants, RGRTA and Rivera's supervisor John Tiberio, and dismissed the complaint in its entirety.  761 F.Supp.2d 54.

On appeal, the Court of Appeals for the Second Circuit issued initial and amended opinions vacating, reversing and remanding in part.  *See* 702 F.3d 685 (2d Cir. 2012); 743 F.3d 11 (2d Cir. 2014).  The Second Circuit's initial decision affirmed this Court's dismissal of Rivera's claims, except as to his hostile work environment claim against RGRTA.  As to that claim, the court vacated this Court's judgment, and remanded for further proceedings, based on its conclusion that there were material questions of fact relating to Rivera's hostile work environment claim against RGRTA.

The court added, however, that "[a]lthough Rivera named Tiberio as a defendant pursuant to 42 U.S.C. § 1981, he produced insufficient evidence that Tiberio helped create a hostile work environment."  702 F.3d at 696 n.7.  Thus, the Second Circuit found no substantive basis for a claim against Tiberio.  Thus, Rivera's only remaining claim, at that point, was against RGRTA, subject to this Court's further findings and rulings on remand.

After further proceedings and factual findings by this Court, 2013 WL 5964489 (W.D.N.Y. Nov. 8, 2013), the Second Circuit later determined that plaintiff had not properly appealed this Court's dismissal of the claims against Tiberio, due to plaintiff's failure to serve any papers on Tiberio's counsel, and plaintiff's designation of Tiberio as a "defendant," not as a "defendant-appellee," in its papers on appeal.  The Court of Appeals therefore granted Tiberio's motion to amend its earlier decision to remove him from the caption.  *See* 743 F.3d at 15-16 n.2. The Second Circuit did not, however, retract or call into question its earlier ruling that there was no basis for a claim that Tiberio had helped create a hostile work environment, as to Rivera.

- 2 -

On November 13, 2014, this Court issued a Pretrial Order (Dkt. #88), which in part provided

that RGRTA was "to file a second summary judgment motion by January 23, 2015 ... ." *Id.* at 1.

RGRTA filed a motion for summary judgment on January 23, and plaintiff has submitted papers in

opposition to that motion. (Dkt. #91, #93).

## DISCUSSION

In opposition to RGRTA's motion, plaintiff has not controverted the factual bases for the

motion, which are addressed below. He simply argues, first, that the motion is an inappropriately

brought, successive motion for summary judgment, advancing arguments that could have been raised

in defendant's prior motion. *See* Dkt. #93-1. In the alternative, Rivera appears to argue that he

should be granted discovery as to the issues raised in defendant's motion. *Id.*

I am not persuaded by these arguments. True, it is generally "improper for a party to file a

successive motion for summary judgment which is not based upon new facts and which seeks to

raise arguments it could have raised in its original motion." *Campers' World Int'l, Inc. v. Perry Ellis

Int'l, Inc.*, 221 F.R.D. 409 (S.D.N.Y. 2004).

But the Second Circuit's decisions in this case have afforded RGRTA a new legal basis for

its motion. As is made evident by the Second Circuit's rulings, the absence of evidence that Tiberio

helped *create* a hostile work environment does not automatically defeat Rivera's claims against

RGRTA. Rivera's claims are based not just on alleged harassment by Tiberio, but on alleged

harassment by his coworkers as well.  What the Second Circuit's rulings have done,  however, is to alter the applicable standard of liability with respect to Rivera's claims against RGRTA.

Tiberio was plaintiff's supervisor.  "If [a] supervisor's harassment culminates in a tangible employment action, the employer is strictly liable."  *Vance v. Ball State Univ.*, __ U.S. __, 133 S.Ct. 2434, 2439 (2013).  With the claims against Tiberio now dismissed, the standard of liability applicable to RGRTA has changed from one of strict liability to a standard of negligence with respect to whether RGRTA took adequate steps to control harassment by plaintiff's coworkers.  *Id.* ("If the harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions").  *See also Seale v. Madison County*, No. 5:11-CV-0278, 2015 WL 667531, at *12 (N.D.N.Y. Feb. 17, 2015) (setting forth standard under *Vance*, and explaining that "[a]n employer's liability for [harassing] conduct depends on whether the harasser is a coworker or supervisor"), *appeal filed*, No. 15-865 (2d Cir. Mar. 23, 2015).

Plaintiff's argument that *Vance* did not create "new law" misses the mark.  RGRTA itself concedes that *Vance* "did not create a 'new legal concept' regarding employer liability for harassment."  Def. Reply Mem. (Dkt. #94) at 4.  The point is not that *Vance* created new law, but that the dismissal of the claims against Tiberio changed the legal landscape of *this action*.  With Tiberio in the case, RGRTA was facing a strict-liability standard.  Once the Second Circuit affirmed the dismissal of the claims against Tiberio, the relevant standard changed to one of negligence.

Plaintiff's argument that Tiberio was dismissed from this action "[b]ecause of a defect in serving and filing the Notices of Appeal," Plaintiff's Mem. of Law (Dkt. #93-1) at 1, is also inapposite.  As stated, prior to holding that there was a procedural defect with respect to plaintiff's

- 4 -

appeal of the claims against Tiberio, the Second Circuit agreed with this Court, on substantive grounds, that there was no factual basis for those claims. *See Rivera*, 702 F.3d at 697 n.7.  Nothing in the Second Circuit's later decision altered that finding or cast it into doubt.  It is that factual determination that gave rise to a new legal basis for the instant motion.

Arguably, RGRTA could nevertheless have moved earlier to dismiss plaintiff's claims of coworker harassment, notwithstanding the presence of his claims concerning his supervisor, Tiberio. But even assuming *arguendo* that RGRTA could have done so, it is well established that a district court has discretion to entertain a successive motion for summary judgment.  *See Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012); *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004); *Hoffman v. Tonnemacher*, 593 F.3d 908, 91112 (9th Cir. 2010); *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009); *Enlow v. Tishomingo Cnty., Miss.*, 962 F.2d 501, 506-07 (5th Cir. 1992).

Under the circumstances presented here, I believe that it is appropriate to exercise the Court's discretion to permit the present motion.  The motion before me is not simply a repetitive motion rehashing earlier arguments, or belatedly raising afterthoughts, in the wake of an earlier, unsuccessful motion.  While courts understandably seek to avoid piecemeal litigation, the Court must also remain cognizant of the salutary purposes of summary judgment, including the "'just, speedy, and inexpensive' resolution of suits."  *Hoffman*, 593 F.3d at 911 (quoting Fed. R. Civ. P. 1).  Those purposes will be furthered by allowing RGRTA's current motion, and by deciding it on the merits.[1]

---

[1]As noted, this Court's Pretrial Order (Dkt. #88) expressly allowed RGRTA to file a second summary judgment motion, although that order did not preclude that plaintiff from arguing that such a motion should be denied as an improper, successive motion.

Having considered the substantive arguments raised by RGRTA, and plaintiff's response, I also find that summary judgment in defendant's favor is warranted.   In support of its motion, RGRTA has submitted ample proof that (1) RGRTA was not put on notice that plaintiff ever complained about discrimination or harassment based on his ethnicity, and (2) RGRTA took reasonable, good-faith steps to address the complaints that plaintiff did make.   *See* Def. Statement of Material Facts ("SMF") (Dkt. #91-1) and documents cited therein.   As stated, Plaintiff has not controverted those factual assertions, which are therefore deemed to be true for purposes of deciding this motion.   *See* Local Rule 56 (providing that all material facts set forth in the movant's statement of material facts "will be deemed admitted unless controverted by the statement required to be served by the opposing party").

The record shows that plaintiff did complain at times about various problems between him and his coworkers, but his complaints gave no indication that he was complaining about harassment based on ethnicity, national origin, or any other legally protected category.   *See* SMF ¶¶ 40-66, Exs. 13-22.   He also admitted at his deposition that he never complained to management about any ethnic slurs or similar matters.   Def. Ex. 1 at 69-77.

The record is equally clear that RGRTA took good-faith steps to address plaintiff's complaints, particularly regarding his coworker Folino.   Several RGRTA officials have submitted declarations detailing their efforts in that regard, and again, plaintiff has not contradicted those statements.   *See* Bilsky Decl. (Dkt. #91-5) ¶¶ 7-16; Hendershott Decl. (Dkt. #91-7) ¶¶ 8-11; Himmelsbach Decl. (Dkt. #91-6) ¶¶ 11-14; Griffith Aff. (Dkt. #91-8) ¶ 48.   Plaintiff himself has acknowledged that he participated in mediation and other informal discussions concerning his

complaints.  *See* Def. Ex. 1 at 159-60.  The fact that those efforts were ultimately unsuccessful, or that the results were not to plaintiff's liking, does not give rise to a genuine issue of material fact about whether RGRTA made good-faith efforts to address plaintiff's concerns.

Where an employee is the victim of legally prohibited harassment by non-supervisory co-workers, "an employer's vicarious liability depends on the plaintiff showing that the employer knew (or reasonably should have known) about the harassment but failed to take appropriate remedial action."  *Petrosino v. Bell Atl.*, 385 F.3d 210, 225 (2d Cir. 2004); *see also Burns v. City of Utica*, 590 Fed.Appx. 44, 47-48 (2d Cir. 2014) (an employer may only be held liable for harassment by a co-worker when the employer "either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it") (quoting *Kotcher v. Rosa & Sullivan Appliance Ctr., Inc.*, 957 F.2d 59, 63 (2d Cir. 1992).  Furthermore, the employer must have reason to know that the harassment complained of was discriminatory in nature.  *See Leca v. Johnson Controls World Services, Inc.*, 24 Fed.Appx. 84, 85 (2d Cir. 2001); *Kunin v. Sears Roebuck and Co.*, 175 F.3d 289, 294 (3d Cir. 1999); *Murray v. New York University College of Dentistry*, 57 F.3d 243 (2d Cir. 1995).

As stated, the uncontroverted evidence here shows that RGRTA did provide an avenue of relief for plaintiff, that it did take steps to address his complaints, and that RGRTA had no notice that plaintiff was complaining of *discriminatory* harassment.  Given that unrebutted evidence, plaintiff's claims against RGRTA cannot stand.

Rivera's intimation that he needs some unspecified discovery with respect to the present motion is equally meritless.  Plaintiff has not submitted an affidavit setting forth why he needs discovery to respond to defendant's motion, what discovery he would need, or how discovery would

be likely to unearth any genuine issues of fact.  *See* Fed. R. Civ. P. 56(d); *Legends Are Forever, Inc.
v. Nike, Inc.*, __ F.Supp.3d __, 2014 WL 4886558, at *9 (N.D.N.Y. 2014), *appeal filed*, No. 14-4083
(2d Cir. Oct. 30, 2014); *Whelehan v. Bank of America Pension Plan for Legacy Companies-Fleet-
Traditional Ben.*, 5 F.Supp.3d 410, 420-21 (W.D.N.Y. 2014).  His cursory statement in his brief that
"has [had] no opportunity for discovery" concerning co-worker harassment, Dkt. #93-1 at 2, rings
particularly hollow in light of plaintiff's assertion that there are no genuinely "new" facts or legal
principles at work here.

    Plaintiff's contention that the Second Circuit has established "law of the case [to the effect
that] Rivera raised triable issues" of fact, *id.*, is equally misguided.  The Court of Appeals held that
plaintiff had presented enough evidence to survive a summary judgment motion with respect to the
issue of whether he had been subjected to a hostile work environment, at the hands of his coworkers,
based on his national origin.  743 F.3d at 23.  The court did *not* address either of the bases for
RGRTA's present motion, *i.e.*, that it was not on notice of the allegedly unlawful nature of the
alleged harassment, and that RGRTA took reasonable steps to address plaintiff's complaints.  For
the reasons stated, I find that defendant is now warranted in presenting those arguments to this Court,
and that it is entitled to summary judgment on those grounds.

    Finally, I note that my decision regarding Rivera's federal claim also warrants summary
judgment in defendant's favor on his claim under the New York State Human Rights Law.  Although
the Second Circuit previously vacated this Court's dismissal of that claim, it did so for the same
reasons that it vacated this Court's dismissal of plaintiff's federal hostile-environment claim.  The
court expressly stated that "[t]he same standards apply to [Rivera's] hostile environment claims

arising under" Title VII, § 1981, and the HRL.  743 F.3d at 20 n.4; *see also id.* at 27 (noting that "[w]e typically treat Title VII and NYHRL discrimination claims as analytically identical, applying the same standard of proof to both claims") (quoting *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 n.9 (2d Cir. 2008)).  To the extent that any remaining claims under state law in this case are not duplicative of plaintiff's federal claims, I decline to exercise jurisdiction over such claims.  *See Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir.) ("if a plaintiff's federal claims are dismissed before trial, the state claims should [ordinarily] be dismissed as well") (internal quote omitted), *cert. denied*, __ U.S. __, 131 S.Ct. 151 (2010).[2]

---

[2]Rivera brought this action with a co-plaintiff, Michael Talton.  This Court has previously consolidated Talton's claims in this case with his claims in a companion case, *Talton v. RGRTA*, 12-CV-6616, pursuant to Fed. R. Civ. P. 42. (Dkt. #85.)

As a general rule, consolidated cases retain their separate identities, and consolidation under Rule 42 does not merge the suits into a single case. *Garnett-Bishop v. New York Community Bancorp, Inc.*, __ F.Supp.3d __, 2014 WL 4700222, at *6 (E.D.N.Y. Sept. 22, 2014); *Tucker v. Kenney*, 994 F.Supp. 412, 415-16 (E.D.N.Y. 1998). *See also Palmer v. New York State Dep't of Corrections*, 342 Fed.Appx. 654, 656 (2d Cir. 2009) ("Consolidation under Rule 42(a) is a procedural device designed to promote judicial economy, and consolidation cannot effect a merger of the actions or the defenses of the separate parties") (quoting *Cole v. Schenley Industries, Inc.*, 563 F.2d 35, 38 (2d Cir. 1977)).

Talton's claims are proceeding separately from Rivera's, and remain in the discovery phase.  Those claims are unaffected by my decision here relative to Rivera's claims.  Thus, this case remains active, with Talton as the lone plaintiff.  I also note that the Second Circuit left intact Talton's claims against Tiberio. *See* 743 F.3d at 23-24, 26-27.

RGRTA also moved to sever Talton's claims from Rivera's. (Dkt. #81.)  The Court previously reserved decision on that motion, (Dkt. #85), although, as stated, the two sets of claims have been proceeding on separate tracks.  In light of the Court's decision on the summary judgment motion as to Rivera's claims, the motion to sever is denied as moot.

**CONCLUSION**

Defendant Rochester Genesee Regional Transportation Authority's motion for summary judgment (Dkt. #91) is granted, and all of plaintiff Enio Rivera's claims are dismissed.

Defendant's motion to sever plaintiff Talton's claims from plaintiff Rivera's claims (Dkt. #81) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        April 10, 2015.